Taylor, C. J.
delivered the judgment of the Court:
The first question arises under the 3d sect. of the act of 1792, c. 6, which requires, that where a written transfer or conveyance of a slave is introduced to support the title of either party, the due and fair execution of such writing shall be proved by a witness subscribing and attesting the execution.
The first section of this act has received a construction in the case of Bateman v. Bateman, wherein it was held that a valid sale might be made between the parties themselves, without delivery; that being necessary only where creditors or third persons were concerned. The reasoning which seemed to the Court to justify such a construction, and which it is not necessary here to repeat, goes the full extent of proving, that in this case, a subscribing witness is not necessary to the mortgage-deed, since the control is between the parties to it, or those claiming under them; and there are no interfering claims of creditors, or third persons, to call for a literal interpretation of the act.
*432 We are of opinion, on the other question, that a written transfer is necessary in all cases, where a person gives slaves to the man who marries his daughter. The words of the act of 1806, extend to all cases of gifts of slaves, and there is reason to believe, that the policy of the act was especially directed to gifts to a son-in-law; because they were of the most frequent occurrence, and the difficulty of ascertaining the truth in old transactions which depended on the memory of witnesses only, the litigation, uncertainty, and perjury, which they produced, seemed to call for legislative interposition.
And upon the whole case, we think the law is, that as between Wall and Powell, the mortgage-deed is effectual, without a subscribing witness, and Wall could not claim the negro in the face of it; so the plaintiff, who claims under Wall, and stands in his place, can claim only in œquali jure; and cannot set up a right in opposition to the deed.